Putnam, C. J.
This is a petition by the Webster & Atlas National Bank (hereinafter referred to as the defendant) to establish a report. It was heard by this division under Rule 30 of the Rules of the Municipal Court of the City of Boston for Civil Business (1940).
The facts are that after a trial on the merits resulting in a finding for the plaintiff as against this defendant the latter seasonably filed a draft report designed to bring be?fore this division for review certain rulings made by the judge at that trial. A few days thereafter the plaintiff filed a written motion that the defendant’s draft report (called in the motion a “claim — for a report”) be dismissed for various reasons therein set forth. Thereafter the trial judge heard counsel for both parties in support of, and in opposition to, said motion and took it under advisement. The next day he granted it, making the following notation on the back thereof: “April 12, 1940. All’d, F. W. T.” *324 Thereupon the clerk made the following docket entry: “Apr. 12, 1940. Plffs. motion to dismiss claim of report of Def. Webster & Atlas Natl. Bank allowed after hearing. Tomasello J.” Then the clerk sent a postcard notice to counsel for the defendant to the following effect: “Claim of report of defendant Webster & Atlas Nat’l Bank disallowed on plff’s motion. Tomasello J.” Thereafter the defendant seasonably filed this petition to establish his draft report described above. No claim of report and no draft report designed to bring before this division the question of the legal correctness of the action of the judge in allowing the plaintiff’s motion has been filed and the time within which such claim of report and draft report could be filed has expired. The plaintiff filed and presented to this division a motion in which it asked that the defendant’s petition to establish be dismissed, and that motion and the petition to establish were both argued before this division.
We find no sound ground on which to distinguish this proceeding from the case of Gallagher v. Atkins, Mass. Adv. Sh. (1940) 301, decided on February 26, 1940.
The distinction drawn in the Gallagher case, and in the cases cited therein, seeins to be between the word “dismiss” and the word “disallow.” Rule 30 of this court says “Whenever a claim of report shall be disallowed by a justice of this court as not conformable to the facts or for any other cause” the party seeking the same may petition to establish his claim of report. If the trial judge in the case at bar had denied, or failed to pass upon, the plaintiff’s motion to dismiss the defendant’s draft report, and had simply disallowed said report, a petition to establish the same could have been brought. But when a claim of report or a draft report is dismissed, on motion or otherwise, the remedy of the party seeking the same is that pointed out in the Gallagher case.
*325 The fact that the clerk stated in his postcard notice to counsel that the claim of report had been ‘1 disallowed on plff’s motion” cannot change the fact that the report had been dismissed as the docket entry of April 12, 1940 shows.
Petition dismissed.